

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 15, 1939

Hon. C. Burtt Potter
County Attorney
San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. O-480
Re: Article 432, Penal Code does not
apply to employment of County
Commissioner's daughter by Dis-
trict Clerk.

This will acknowledge receipt of your letter
of March 11, 1939, in which you request an opinion as
to whether or not Article 432 of the Penal Code, Re-
vised Civil Statutes of Texas, 1925 is violated by
the following statement of facts taken from your letter:

"Our District Clerk employs by author-
ity of the commissioner's court a part-time
deputy, whose salary is $150.00 per year.
This deputy is the daughter of a county com-
missioner. She is not required to have a
bond, acting under the District Clerk's bond,
which has been approved by the commissioner's
court."

Article 432 of the Penal Code reads as follows:

"No officer of this State or any officer
of any district, county, city, precinct, school
district, or other municipal subdivision of
this State, or any officer or member of any
State, district, county, city, school, district
or other municipal board, or judge of any court,
created by or under authority of any general
or special law of this State, or any member
of the Legislature, shall appoint, or vote for,
or confirm the appointment to any office,
position, clerkship, employment or duty, of

any person related within the second degree
by affinity or within the third degree by
consanguinity to the person so appointing
or so voting, or to any other member of any
such board, the Legislature, or court of
which such person so appointing or voting
may be a member, when the salary, fees, or
compensation of such appointee is to be
paid for, directly or indirectly, out of
or from public funds or fees of office of any
kind or character whatsoever."

— Article 3902 of the Revised Civil Statutes
of Texas provides the means by which a District, County
or precinct officer can obtain the services of deputies
and the pertinent parts thereof are as follows:

"Whenever any district, county or pre-
cinct officer shall require the services of
deputies, assistants or clerks in the perfor-
mance of his duties, he shall apply to the
county commissioners' court of his county for
authority to appoint such deputies, assistants
or clerks, stating by sworn application the
number needed, the position to be filled and
the amount to be paid........Provided that, in
no case, shall be commissioners' court or any
member thereof attempt to influence the ap-
pointment of any person as deputy, assistant
or clerk in any office."

Thus, it is seen that the Commissioners' Court
need not be apprised of or advised the name of the party
or parties whom the officer desires to appoint. The
Commissioners' Court merely authorizes the appointment
of deputies to a certain position at a designated salary.
The court does not "appoint, vote for, or confirm the
appointment" of any person to any position within the
particular official's department so as to constitute a
violation of Article 432 of the Penal Code.

It is, therefore, the opinion of this Depart-
ment and you are so advised that it will not be a viola-
tion of Article 432 of the Penal Code for the District

Clerk of your county to hire as his deputy a daughter of one of your county commissioners.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Lloyd Armstrong*

Lloyd Armstrong
Assistant

LA:AW

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS